No. 14-1535
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
_____

**NORMA IRIS MIRANDA-RIVERA; THE ESTATE OF CRISTOPHER ROJAS MIRANDA; NANCY I. TRINIDAD-TORRES**, on behalf of her minor child C.Y.R.T.
Plaintiffs - Appellants

GABRIEL ROJAS-PIRIS
Plaintiff

v.

**PEDRO TOLEDO-DAVILA**, Superintendent, Police of Puerto Rico;
**MIGUEL RODRIGUEZ-CRESPI**, Sergeant, Badge Number 8-11765;
**WILLIAM PEREZ-SOTO**, Police Officer, Badge Number 19273

Defendants - Appellees

ANIBAL ACEVEDO-VILA, Governor for the Commonwealth of Puerto Rico;
ROBERTO SANCHEZ-RAMOS, Secretary of Justice, Commonwealth of Puerto Rico;
ORLANDO RIVERA-LUGARDO; JUAN JOSE TOLEDO-BAYOUTH; JOSE TOLEDO-BAYOUTH; FERNANDO TOLEDO-BAYOUTH; PEDRO J. TOLEDO-BAYOUTH; JOHN DOE, Police Officer, Toa Baja; INSURANCE COMPANY ABC, INC.; RICHARD ROE
Defendants
_____
**PLAINTIFFS/APPELLANTS' REPLY BRIEF**
_____

**For Plaintiff/Appellants**
QUETGLAS LAW
PO Box 16606
San Juan PR, 00908-6606
Tel: (787) 722-0635/722-7745

JOSE F. QUETGLAS JORDAN
Ct. of Appeals Bar No. 14338
jfquetglas@gmail.com

PEDRO R. VAZQUEZ
Ct. of Appeals Bar No. 90552
prvazquez3@gmail.com

# **TABLE OF CONTENTS**

1. TABLE OF AUTHORITIES ........................................................................ii

2. ARGUMENT

   **I.   WHETHER THE PLAINTIFFS' WAIVED A CLAIM OF EXCESSIVE FORCE AGAINST DEFENDANT RODRIGUEZ** …………………………………………...1

   **II.  WHETHER RODRIGUEZ HAD PERSONAL INVOLVEMENT IN THE USE OF EXCESSIVE AGAINST ROJAS**…………………………………………4

3. CONCLUSION ……………….……………………………….........6

# TABLE OF AUTHORITIES

**CASES**                                                                          **PAGE**

*Díaz-Colón v. Fuentes-Agostini*, No. 13-2340, 2015 WL 2345496,
at **3-4 (1st Cir. May 18, 2015) ……………………………………………3

*Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441-42 (11th Cir. 1985)…….4

*Kozikowski v. Toll Bros.,* 354 F.3d 16, 23 (1st Cir. 2003)……………………. ..3

*Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1433 (10th Cir. 1984)………….4

*Sanchez v. City of Chicago,* 700 F.3d 919, 925-926 (7th Cir. 2012) ……………4

*Sierra Fria Corp. v Donald J. Evans, P.C.,* 127 F.3d 175 (1st Cir. 1997)………3

*Terebesi v. Torreso*, 764 F.3d 217, 244 (2nd Cir. 2014) ………………………..4

*Villafane-Neriz v. FDIC,* 75 F.3d 727, 734 (1st Cir. 1996) ……………………. 3

**TO THE HONORABLE COURT OF APPEALS:**

The undersigned counsels respectfully present *Plaintiffs-Appellants' Reply Brief* addressing a limited numbers of factual and legal arguments brought forth by Defendants-Appellees.

## INTRODUCTION

Appellees argue, for the first time, in their brief that "[a]ppellants [did] not bring a Fourth Amendment excessive force claim against Rodríguez" in the Complaint "and no such claim against Rodríguez[] may be found in the brief on appeal. Appellees' Brief, at p. 39. Since this argument was never presented to the District Court it was waived. The argument is factually and legally wrong.

## ARGUMENT

**I. WHETHER THE PLAINTIFFS' WAIVED A CLAIM OF EXCESSIVE FORCE AGAINST DEFENDANT RODRIGUEZ**

The Complaint pleads facts sufficient to portray a cognizable Fourth Amendment excessive force claim against Police Officers William Perez-Soto ("Perez") and Orlando Rivera-Lugardo ("Rivera"), as well as Sgt. Miguel Rodríguez-Crespi ("Rodríguez"). *See,* Joint Appendix ("JA"), at pp. 27-28, 30-32; Docket No. 115 - Second Amended Complaint, ¶¶ 1.1, 3.5, 3.6, 4.4 to 4.8, 4.11). Plaintiffs underscore that, at all times, the use of excessive force that caused Christopher Rojas ("Rojas") to suffer a lingering death has been imputed to Perez, Rivera and Rodriguez. *See, e.g.,* Initial Conference Scheduling Memorandum

(Docket No. 25), at pp. 2-3; Opposition to Motion for Summary Judgment (Docket No. 159, at pp. 10-13), JA 303-306; Appellants' Brief, at pp. 10-12, 22-24, see also JA 361-362, 230, 248-249, 362, 647, 658-260.  On this precise point, Plaintiffs' retained expert consultant, Lou Reiter, who opined that

> In this matter Officers Perez and Rivera and Sgt. Rodriguez all deny that any unreasonable use of force was used.  The investigative follow-up was perfunctory and consistent with my understanding of similar investigations in the past.  This failure by the Police Department would have been known to officers, such as Perez and Rivera and Sgt. Rodriguez.  Their denials are simply accepted without question or challenge with the medical evidence.

JA 308, 365, 431 (¶ 22), 437-438.  *See, also*, Appellants' Brief, at pp. 49-50.  Mr. Reiter' expert opinions are uncontroverted[1] and unopposed by a qualified professional. *Id.,* at p. 37.

Through the course of the pretrial proceedings Appellees had multiple bites at the apple to limit or narrow the scope of liability of Rodriguez, by arguing precisely what he argues for the first time in his opposing brief: "*No excessive force claim may be asserted against Sgt. Rodriguez[.]*" Appellees' Brief, at p. 39.  For example, on November 4, 2010, Rodriguez filed a Rule 12 motion to dismiss; however, the issue that the Complaint supposedly did not impute him the use of excessive force was not addressed therein.  *See,* Docket No. 93.  A review of

---

[1] Curiously, Appellees argue that Mr. Reiter's opinions are contested, referencing the Appendix, at pp. 594-601, ¶¶ 156-159, in support thereof.  Appellees' Brief, at p. 48.  Such references are the statements by counsel, not documentary proof by a qualified authority.

2

Defendants' motions for summary judgment, likewise, shows that Rodriguez made no attempt to so limit his exposure. JA 63-96 (memorandum of law in support of summary judgment – docket 146); JA 97-182 (statement of facts in support of summary judgment – docket 147).

Given the foregoing, Rodriguez's argument that no personal involvement on his part in the use of excessive force has been alleged is plainly belied by the record and spurious. Moreover, that argument was first raised on appeal. "It is well established that this court will not consider an argument presented for the first time on appeal." *Villafane-Neriz v. FDIC,* 75 F.3d 727, 734 (1st Cir. 1996); s*ee, also, Kozikowski v. Toll Bros.,* 354 F.3d 16, 23 (1st Cir. 2003) (When a party "argue[s] [an] issue for the first time here on appeal[,]" this Court "deem[s] it waived."); *Sierra Fria Corp. v Donald J. Evans, P.C.,* 127 F.3d 175, 183 (1st Cir. 1997) (noting appellant waived argument for the first time on appeal by failing to present it below). Herein, since Rodriguez's attempt to limit his liability was not raised nor addressed before the District Court, such argument has been waived. *Díaz-Colón v. Fuentes-Agostini*, No. 13-2340, 2015 WL 2345496, at **3-4 (1st Cir. May 18, 2015) (an argument on the substantive merits of a claim for the first time on appeal is considered waived). "While exceptions to this rule exist, they apply only 'in horrendous cases where a gross miscarriage of justice would occur,'" *Villafane-Neriz,* 75 F.3d, at 734, and this is not such a case.

## II. WHETHER RODRIGUEZ HAD PERSONAL INVOLVEMENT IN THE USE OF EXCESSIVE AGAINST ROJAS

"[I]n a section 1983 action[,]" such as this one, "alleging that police violated the [decedent's] Fourth Amendment rights by subjecting him to excessive force, a defendant police officer may be held to account both for his own use of excessive force on the [decedent], as well as his failure to take reasonable steps to attempt to stop the use of excessive force used by his fellow officers." *Sanchez v. City of Chicago,* 700 F.3d 919, 925-926 (7th Cir. 2012) (citations omitted).

Under the circumstances present herein, each of the named defendants may be held "liable for his failure to intervene *vis-à-vis* the excessive force employed by another officer, even if the plaintiff cannot identify the officer(s) who used excessive force on [the decedent]." *Idem.*; *see, also, Terebesi v. Torreso*, 764 F.3d 217, 244 (2nd Cir. 2014) ("An officer who fails to intercede in the use of excessive force or another constitutional violation is liable for the preventable harm caused by the actions of other officers."); *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1433 (10th Cir. 1984) (ruling that officer who did not prevent fellow officer's use of allegedly excessive force against an arrestee "may be liable [under 1983] if he had the opportunity to intervene but failed to do so"), vacated on other grounds, 474 U.S. 805 (1985); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441-42 (11th Cir. 1985) ("It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer

4

who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.").

The evidence on record shows that Rodriguez was personally and directly involved in the use of excessive force that led to Rojas death. Rojas was not beaten and exhibited no injuries or bruises at the scene of the arrest. Once arrested, Rojas was transported by police officers Perez and Rivera to the police station. Shortly thereafter, Sgt. Rodriguez arrived there as well. Once in the precinct, Sgt. Rodriguez ordered all of the other police offers out of the station; remaining only the three defendants and a desk attendant. JA 227, 230, 236, 362, 554, 647, 658; *See,* Appellants' Brief, at pp. 10-11. By his own admission, Sgt. Rodriguez accompanied police officers Perez and Rivera while Rojas, cuffed at the wrists behind his back, was incarcerated in the holding cell, placed face down on the ground, and tied at the ankles. *See,* JA, at 249-250. Sgt. Rodriguez and policemen Perez and Rivera were the last persons to see Rojas alive. *See,* Appellants' Brief, at p. 12, JA 362, 236 & 554.

The homicide investigator who examined the scene found that the corpse exhibited visible signs of violence, such as: lacerations on the lower left part of the back, both knees and the right eyebrow; injuries in the area of the chin and left eyebrow; and, marks on the wrists. *Id*. The findings and the photographs of the

5

autopsy were remarkable for extensive traumas throughout the whole body. *Id.,* at p. 22-24, JA 259-264, 442-455. These facts demonstrate that Rodriguez had personal involvement in the events that transpired in the holding cell where Rojas was found dead.

## CONCLUSION

For the foregoing reasons, this Honorable Court should vacate the District Court's Judgment and remand the case for further proceedings.

RESPECTFULLY SUBMITTED. In San Juan, Puerto Rico, on this 3rd day of July 2015.

**For Plaintiff/Appellants**

**S:/ JOSE F. QUETGLAS**
**JOSE F. QUETGLAS JORDAN**
Ct. of Appeals Bar No. 14338
jfquetglas@gmail.com

**S:/ PEDRO R. VÁZQUEZ**
**PEDRO R. VAZQUEZ**
Ct. of Appeals Bar No. 90552
Prvazquez3@gmail.com

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. 32(a)(7)(B)

It is certified, pursuant to Fed. R. App. 32(a)(7)(B), that this Brief for the Appellant contains less than 14,000 words. Excluding the table of contents, the table of authorities, corporate disclosure statements, addendum and attorney

certificates, the Brief contains 1,337 words, in 14-point type face, Times New Roman.

## CERTIFICATE OF SERVICE

Today, we electronically filed the foregoing with the Clerk of the First Circuit of Appeals using the CM/ECF system which will send notification of such to the following attorneys of record:

It is certified that on this same date, two copies of the foregoing brief was delivered to each attorney of record at their following address by U.S. Mail:

I hereby certify that on July 3, 2015, a copy of this Brief has been sent to: **SUSANA I. PEÑAGARÍCANO-BROWN, ESQ.;** Assistant Solicitor General, Department of Justice, P.O. Box 9020192, San Juan, P.R. 00902-0192. Plaintiffs-Appellants delivered the same by way of the U.S. Postal Service.

**For Plaintiff/Appellants**

QUETGLAS LAW
PO Box 16606
San Juan PR, 00908-6606
Tel: (787) 722-0635/722-7745
Fax: (787) 725-3970

**S:/ JOSE F. QUETGLAS**
JOSE F. QUETGLAS JORDAN
Ct. of Appeals Bar No. 14338
jfquetglas@gmail.com

**S:/ PEDRO R. VÁZQUEZ**
PEDRO R. VAZQUEZ
Ct. of Appeals Bar No. 90552
Prvazquez3@gmail.com